S07Y0382. IN THE MATTER OF ERIC ROBERT JOHNSON II.
(641 SE2d 535)

PER CURIAM.

This disciplinary matter is before the Court on two reports of the special master, recommending that the Court accept Eric Robert Johnson II's petitions for voluntary discipline, impose a 30-day suspension, and two public reprimands, and require full refund of fees that were accepted from clients under circumstances that constituted a violation of Rules 8.4 (a) (4) (State Bar Docket # 5057) and 3.3 (a) (4) (State Bar Docket # 5058) of the Georgia Rules of Professional Conduct, found in Bar Rule 4-102 (d).

With respect to State Bar Docket # 5057, the State Bar filed a formal complaint seeking disbarment, and Johnson subsequently filed two petitions for voluntary discipline, the second of which the State Bar supported. Based on the admissions in that petition, the special master found that Johnson was admitted to the Bar in 2003. In March 2005 Johnson was working as an assistant public defender in DeKalb County, but represented two clients in separate criminal matters in DeKalb Recorders Court and accepted payments from both. He failed to inform either client that she might be eligible for a court-appointed public defender or inform the judges hearing the matters that he was appearing in a private capacity rather than in his usual role as public defender. Finally, he failed to inform his superiors at the Public Defender's Office of the representations, in violation of office policy. Johnson admits that he should not have engaged in these actions. He was terminated from his employment because of these actions.

With respect to State Bar Docket # 5058 the special master concluded that a violation of Rule 3.3 (a) (4) had been shown by Johnson's admission that he took no remedial measures after learning that a client had testified falsely.

The Special Master concluded that the conduct constitutes a violation of Rules 8.4 (a) (4) and 3.3 (a) (4), but also found as mitigating factors that Johnson cooperated with the disciplinary authorities and has no prior disciplinary history.

Having reviewed the record, we concur with the special master's recommendation and hereby order that in connection with State Bar Docket # 5057, Johnson be suspended from the practice of law for 30 days, he receive a public reprimand, and that his reinstatement be conditioned upon his providing the State Bar with proof that he has refunded to both clients the fees received. With respect to State Bar Docket # 5058, we hereby order that Johnson receive a public reprimand. Johnson is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Thirty-day suspension with conditions and public reprimand. All the Justices concur.*

DECIDED FEBRUARY 26, 2007.

*William P. Smith III, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar*, for State Bar of Georgia.