S08Y1579. IN THE MATTER OF NEIL LOVETT WILKINSON.
(668 SE2d 707)

PER CURIAM.

This disciplinary matter is before the Court on Wilkinson's petition for voluntary discipline, filed pursuant to Bar Rule 4-227 (b), in which he admits to negligently violating Rule 3.3 (a) (4) and Rule 8.4 (a) (4) of the Georgia Rules of Professional Conduct, Bar Rule 4-102 (d), and requests discipline ranging from a review panel reprimand to a one-month suspension from practice. The maximum penalty for violation of either rule is disbarment.

Wilkinson and his former law partner, Paul Wright, represented a corporation and one of its directors in state court and federal bankruptcy court. Wilkinson contends that Wright made a false statement to the bankruptcy court, which was misattributed to him in the transcript. After a contempt hearing in state court at which Wilkinson testified that he would inform the Court of Appeals of mistakes in a brief, Wilkinson was held in contempt. Wilkinson appealed and in *Huffman v. Armenia,* 284 Ga. App. 822, 828-829 (5) (645 SE2d 23) (2007) (certiorari denied July 12, 2007), the Court of Appeals affirmed in relevant part, finding, "that the attorneys' actions in making false statements of material fact in briefs filed in [the Court of Appeals], and in failing to correct such statements after admitting that the statements were not true, evidence a blatant and intolerable disrespect for [the Court of Appeals]." The opinion also attributed the statement about the board resolution to the bankruptcy court to Wilkinson. Id. at 824.

In a separate order, *Huffman v. Armenia,* A06A2105 (April 13, 2007), the Court of Appeals found Wilkinson in contempt and fined him $1,000, which Wilkinson has paid. The Court of Appeals found that Wilkinson could not rely on Wright's superior knowledge of facts and law because the facts were simple and the legal issues were basic; and found that in his affidavit in response to the show cause order, Wilkinson chose to stand behind the falsehoods despite his lack of first-hand knowledge and continued to blame his law partner.

In his petition for voluntary discipline, Wilkinson now admits that he "negligently made or allowed to be made false statements to

the Superior Court of Cobb County and the Georgia Court of Appeals, and negligently failed to correct those false statements." He states that he did not appreciate until after the fact that the appellate briefing did not comply with the "clearly erroneous" rule or the "abuse of discretion" rule; that he did not read the bankruptcy transcript before his contempt hearing and, therefore, did not know that the misattribution would be an issue; that he accepted Wright's post-contempt hearing rationale as to why the brief should not be corrected; that it was Wright's place to correct the bankruptcy record; that Wright continually assured him that a motion was being prepared; that Wright did not file the motion until after the bankruptcy case was closed; and that he failed to perfect the record for appellate review. In mitigation, he states that he has no prior disciplinary offenses; while his inattention and negligence had a cascading effect, they do not constitute a pattern of misconduct; he did not act with a dishonest and selfish motive; he has voluntarily complied with the disciplinary process and acknowledged his misconduct; the court system was the primary victim of his misconduct and opposing parties ultimately prevailed in the underlying litigation; he promptly paid his fine; and he greatly regrets his misconduct. Several attorneys and clients have filed affidavits attesting to Wilkinson's general character. Wilkinson's attorneys averred that he did not intentionally mislead the courts. In its response to Wilkinson's petition, the State Bar recommends that the petition be accepted.

Having reviewed the record, we find that Wilkinson violated Rule 8.4 (a) (4) at the trial court. Moreover, given his testimony at the trial court, we further find that he violated Rules 3.3 (a) (4) and 8.4 (a) (4) at the Court of Appeals. Accordingly, we hereby order that Wilkinson receive a public reprimand for his violations of Rule 8.4 (a) (4) at the trial court and a one-month suspension from the practice of law for his violations of Rules 3.3 (a) (4) and 8.4 (a) (4) at the Court of Appeals. See *In the Matter of Johnson*, 281 Ga. 674 (641 SE2d 535) (2007) (imposed a thirty-day suspension with conditions and a public reprimand for violations of Rules 8.4 (a) (4) and 3.3 (a) (4) where assistant public defender accepted private clients without informing tribunal he was appearing in a private capacity and failed to take remedial measures upon learning a client testified falsely). Wilkinson is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Public reprimand and one-month suspension. All the Justices concur.*

DECIDED OCTOBER 27, 2008.

*William P. Smith III, General Counsel State Bar, Kellyn O.*

*McGee, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Myles E. Eastwood*, for Wilkinson.