## S12Y1609. IN THE MATTER OF PAUL TROY WRIGHT.
### (732 SE2d 275)

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the Review Panel in which it specifically incorporated and adopted the findings of fact and conclusions of law of the special master, Regina M. Quick, who found that Respondent Paul Troy Wright (State Bar No. 778585) violated Rules 3.3 and 8.4 of the Georgia Rules of Professional Conduct. See Bar Rule 4-102 (d). The Review Panel stated that Wright failed to file specific exceptions to the special master's report and therefore, there were no issues before the Review Panel. Accordingly, it accepted the special master's report and recommendation that Wright receive a six-month suspension from the practice of law, and a public reprimand.

The State Bar alleged that Wright made false statements to the Cobb County Superior Court, the United States Bankruptcy Court for the Northern District of Georgia and the Georgia Court of Appeals in connection with his representation of Home Equity Loan Products, Inc. ("HELP") as a debtor in a Chapter 7 bankruptcy case, and its board member, Huffman, in a pending action in Cobb Superior Court. HELP and Huffman became clients of Wright's firm with his partner, Neil Wilkinson. At a hearing in bankruptcy court on February 14, 2006, a few days after Wright was hired, the court considered a motion to dismiss filed by the receiver for HELP appointed by the superior court. The bankruptcy court was seeking specific information that a corporate resolution for the bankruptcy filing was made at a duly called, duly noticed meeting of HELP's Board of Directors. Wright told the court that there was such a resolution and that he had seen it, although it is undisputed that at that time Wright had not spoken with Ronald Baker, the other alleged Board member, nor reviewed any corporate documents. The hearing was continued, and the court instructed the parties to obtain and present the required evidence. When the hearing reconvened a resolution was filed that purported to authorize the bankruptcy filing on January 12, 2006, having been signed in two counterparts, first by Huffman, then by the attorney-in-fact for Baker, Michael Hirsch. Evidence was adduced at the hearing, however, that contradicted the resolution, including bylaws establishing a three-member Board and no amendment to the bylaws, so the evidence was undisputed that the Chapter 7 filing was made without the required authority of the Board of Directors of HELP. The bankruptcy court dismissed the petition. The superior court held Huffman and Wilkinson in contempt. On appeal, the Court of Appeals affirmed, see *Huffman v. Armenia,* 284 Ga. App. 822 (645 SE2d 23) (2007), and on motion for reconsideration the Court of

Appeals also held Wright in contempt, see *Huffman v. Armenia*, 284 Ga. App. 822 (645 SE2d 23) (2007). The Court of Appeals found that Wright and Wilkinson made false statements in their appellate briefs when they asserted that HELP's Board of Directors had unanimously authorized Huffman to file the bankruptcy petition before it was filed, and that HELP successfully opposed motions to dismiss the bankruptcy petition and, in fact, cured the nonfatal defects in the petition, neither of which statements were supported by the record. The Court of Appeals directed that a copy of the contempt order be sent to the State Bar. As a result, the State Bar filed this disciplinary action.

The special master directed a verdict in Wright's favor as to any alleged false statements made to the superior court and held that the record showed that Wright's statements to the bankruptcy court were based upon information he had at the time, so the State Bar failed to meet its burden that Wright had made false statements to the bankruptcy court. She found, however, that Wright "undeniably" made false statements to the Court of Appeals because at the time briefs were filed there, the record was fully developed and Wright's continued assertions regarding the Board's authority were, at that time, "demonstrably false based upon the evidence presented in the case at bar." Rept. and Rec. of the Special Master, 5. The special master also found that Wright perpetuated the same assertions and arguments in the disciplinary proceedings without evidence and still fails to accept responsibility for his "blatant and intentional misstatements of the record." Id. at 5-6.

Wright filed exceptions in this Court to the Review Panel report and claims he was not given notice of the appointment of the Review Panel members and the date on which the Review Panel would meet, which notice was critical to his opportunity to object and file exceptions. Therefore, he contends, the Review Panel report is a nullity. He also argues that the special master's report is contrary to the evidence because his statements were true (relying on the January 2006 resolution) and he did not know that any statement he made was false when he made it; that the special master should have granted his directed verdict as to the Court of Appeals as well because the allegations regarding the Court of Appeals came in a letter to the special master (the "June 24 letter") submitted after the evidentiary hearing, which deprived him of the opportunity to address those allegations; that the special master's report improperly imposed the burden of proof on him by stating that he failed to file any supplement to the record; that despite reciting the proper clear and convincing evidence standard, the special master did not hold the State Bar to that standard; and that the special master was biased because, among other things, she did not grant a full directed verdict even

though the State Bar failed to show that he violated any rules but instead gave the State Bar a second bite at the apple by allowing it to submit the June 24 letter. Wright insists that he is being punished for "daring to believe and insist" that his statements were true. Respondent's Exceptions, 21.

The State Bar filed a response to Wright's exceptions in which it first argues that by failing to file exceptions to the special master's report, Wright waived his right to assert the exceptions he filed with this Court. The State Bar notes that the Review Panel members serve for staggered three-year terms and their identities are published in the State Bar Directory; there is no requirement for any other notice of that information to disciplinary respondents. Wright was given notice of the Review Panel members and dates via a memorandum from the State Disciplinary Board Clerk, and at the end of the hearing the special master specifically referred Wright to Bar Rule 4-217, with an opportunity to review and understand the timeline. Wright nevertheless did not submit any exceptions at any time during the six months before issuance of the Review Panel's report, and therefore, his current exceptions should be deemed waived. In any event, the State Bar asserts, Wright's exceptions are meritless, as ample evidence supports the special master's findings and conclusions. Wright's reliance on the resolution is misplaced, as there is specific evidence that it was signed only by two directors instead of the three necessary under the bylaws, making it invalid. Wright's attempt to rely on documents not in evidence or his own affidavit are not sufficient to dispute the uncontradicted evidence in the record. Equally unavailing are Wright's arguments about why his statements were not false, which amount to nothing more than sophistry. He asserts that the use of the word "then" in his appellate brief, as in he "then successfully opposed the receiver's motion to dismiss the Bankruptcy Petition and cured the non-fatal defects in the Bankruptcy Petition" is truthful because the bankruptcy hearing was conducted in two sessions a week apart and the bankruptcy court did not dismiss the petition until the second hearing, so, he argues, he was referring to the status as of the first hearing. The State Bar submits (and the special master, Review Panel and Court of Appeals apparently agreed) that no reasonable, objective reader would interpret Wright's statements as he asserts. And the fact is, at the first hearing, the bankruptcy court simply continued the hearing and instructed the parties to come back with their evidence of Board approval, stating that if they did not have a resolution, "you're sunk." The State Bar also points out that at the hearing before the special master Wright acknowledged the State Bar's position that his statements to the Court of Appeals were inaccurate (and the special master referred to the Court of Appeals'

contempt order), and as such, Wright was not "surprised" by the June 24 letter, which was requested by the special master simply to provide citations to the record. The special master specifically granted Wright the opportunity to respond. Additionally, the report does not put the burden of proof on Wright; the special master merely noted that he did not submit any post-trial evidence to contradict the evidence adduced at trial. Finally, the State Bar asserts that Wright failed to establish any of the grounds for statutory disqualification under OCGA § 15-1-8 in his argument that the special master was biased.

We have reviewed the record and find that it amply supports the special master's report, as adopted by the Review Panel. We note that in 2008 this Court found that Wilkinson, who, unlike Wright, filed a petition for voluntary discipline and admitted his wrongdoing, had violated Rules 3.3 and 8.4, and we ordered that he receive a public reprimand and a one-month suspension, with conditions. See *In the Matter of Wilkinson*, 284 Ga. 548 (668 SE2d 707) (2008). We are troubled by Wright's continued assertions that his statements were truthful and his failure to accept any responsibility despite the Court of Appeals' and the special master's findings to the contrary. Accordingly, we hereby order that Respondent Paul Troy Wright be suspended from the practice of law in the State of Georgia for a period of six months from the date of this opinion, and that he receive a public reprimand. He is reminded of his duties under Bar Rule 4-219 (c).

*Six-month suspension and public reprimand. All the Justices concur.*

DECIDED OCTOBER 1, 2012 —
RECONSIDERATION DENIED NOVEMBER 5, 2012.

*Paula J. Frederick, General Counsel State Bar, William J. Cobb, Assistant General Counsel State Bar*, for State Bar of Georgia.