In the Supreme Court of Georgia

Decided: October 5, 2015

S15Y1288. IN THE MATTER OF HUGH O. NOWELL.

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the special master, Curtis L. Hubbard, Jr., recommending that the Court accept the petition for voluntary discipline filed by Hugh O. Nowell (State Bar No. 547375), which was filed after the State Bar filed a formal complaint.

Nowell became a member of the Bar in 1979. The facts, as admitted by him and as found by the special master following a hearing, show that in May 2012 and January 2013, Nowell testified falsely in two depositions that were taken in a civil suit filed against a corporate entity and several testamentary trusts; Nowell was general counsel and/or an officer at the relevant times of the corporate entity and was trustee of the trusts. The false testimony was material to the merits of the litigation, and Nowell gave the testimony knowing it was false because he believed that truthful answers would help the plaintiff and

would hurt the defendants with whom he was affiliated. Several months after the second deposition, Nowell came to experience great remorse and, in April 2013, submitted to the court an affidavit confessing to and correcting his false testimony. In May 2013, Nowell self-reported his misconduct to the State Bar. In June 2013, he was deposed again and testified truthfully. The trial court in that case ultimately granted summary judgment against the plaintiff, for reasons unrelated to Nowell's false testimony. Nowell's disclosure to the trial court of his misconduct was of his own volition, and but for his coming forward, his misconduct could have remained undiscovered.

The special master concluded, and we agree, that Nowell acted with a dishonest motive and violated Rules 4.1 (a) and 8.4 (a) (4) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d), both of which are punishable by disbarment. There are, however, several mitigating factors: Nowell has no prior discipline; he made a timely good faith effort to rectify the consequences of his misconduct; he made a full and free disclosure and was cooperative in the disciplinary proceedings; he has a professional reputation for truthfulness, integrity, and fair and honest dealings, as shown by the evidence at the hearing; and he has demonstrated great remorse for his conduct.

2

In light of these mitigating factors and reiterating that we decide each disciplinary case "on its own facts," In the Matter of Skandalakis, 279 Ga. 865, 866 (621 SE2d 750) (2005), we conclude that the special master's recommendation of a two-month suspension and a public reprimand is the appropriate one. See generally, In the Matter of Wilkinson, 284 Ga. 548 (668 SE2d 707) (2008) (public reprimand and one-month suspension where attorney admitted wrongdoing in allowing false statements to be made to two tribunals); In the Matter of Wright, 291 Ga. 841 (732 SE2d 275) (2012). (public reprimand and six-month suspension where attorney made false statements to two tribunals, but refused to admit wrongdoing). As the special master noted, "[m]embers of the Bar should be encouraged to report their own misconduct, to take substantive remediating actions on their own initiative, and to voluntarily accept the disciplinary consequences of their actions[, and the] imposition of too severe a penalty would inappropriately [hinder] that goal."

Accordingly, it is hereby ordered that Hugh O. Nowell be suspended from the practice of law in the State of Georgia for a period of two months, effective as of the date of this opinion. Additionally, the Court hereby orders that Nowell be administered a public reprimand in open court pursuant to Bar Rules 4-102

3

(b) (3) and 4-220 (c).  Nowell is reminded of his duties pursuant to Bar Rule 4-219 (c).

Petition for voluntary discipline accepted.  Two-month suspension and public reprimand.  All the Justices concur.