S16Y1294. IN THE MATTER OF ALVIS MELVIN MOORE.
(792 SE2d 324)

PER CURIAM.

This disciplinary matter is before the Court on the Review Panel's report, recommending that Alvis Melvin Moore (State Bar No. 518375) be suspended for six months, with conditions on reinstatement.

This matter stems from a grievance filed by a superior court judge after discovering that Moore, who was representing a criminal defendant in her court, had failed to serve the District Attorney with defensive pleadings, had falsely stated in certificates of service that the District Attorney had been served, and had misrepresented his communications with the District Attorney. After an investigation, the State Bar filed a Formal Complaint, alleging that Moore, who was admitted to the Bar in 1994, violated Bar Rules 3.3 (a) (1), 4.1, and 8.4 (a) (4) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The Formal Complaint did not set forth a recommendation of discipline, but asked that Moore be "appropriately disciplined." Moore filed an answer and denied that he had failed to serve the District Attorney. Instead, he explained his belief that he was entitled

---

to rely on the word of the Clerk of Court that a copy of his filings would be hand delivered to the District Attorney by the clerk's office, and thus his certificates of service were accurate. Moore also denied making any misrepresentation to the trial court.

Following an evidentiary hearing at which Moore was the only witness, Moore filed a petition for voluntary discipline in which he admitted the facts he had previously denied. However, the special master, Shelby Outlaw, rejected the petition for voluntary discipline, which sought only a reprimand by either the Investigative Panel or the Review Panel. Instead, the special master issued her report and recommendation, finding the following facts: Moore was retained to represent a defendant in a felony drug case in Hall County Superior Court. During his representation, Moore filed an entry of appearance and several motions, but failed to serve the District Attorney's office. On one of his motions he failed to attach a certificate of service and on the others he attached certificates of service that falsely represented that he had served the District Attorney. Even after the trial court judge admonished Moore at a hearing that his filings were not proper because he failed to serve the District Attorney, Moore filed another pleading with a certificate of service falsely stating that he had served the District Attorney by hand. Additionally, Moore informed the trial court at a hearing that the District Attorney's office had told him that a confidential informant would not be made available, despite the fact that Moore had no communications with the District Attorney's office about the informant's availability. The special master found that Moore's actions were detrimental to his client's interests, that Moore adamantly and unreasonably maintained throughout the hearing that he had done nothing wrong, and that he never expressed remorse or accepted any responsibility for the consequences of his actions. The special master recommended an indefinite suspension and that, as a condition of reinstatement, Moore undergo a physical and mental evaluation and be certified as fit to practice law.

Moore sought review by the Review Panel, but the Review Panel adopted the special master's factual findings and conclusions that Moore violated Rules 3.3, 4.1, and 8.4 (a) (4), and recommended a six-month suspension with reinstatement conditioned on Moore's participation in the Bar's law practice management program and on his providing a detailed psychological evaluation showing that he is competent to practice law.

Moore has filed exceptions to the Review Panel's report and continues to assert that he made no false statements regarding service on the District Attorney, but that he reasonably relied on the clerk to place a service copy in the District Attorney's box and argues that he did not knowingly violate any rules.

We agree with the Review Panel that Moore's refusal to express remorse or acknowledge the wrongful nature of his conduct is an aggravating factor, but also note that Moore's conduct does not appear to be reflective of a pattern of disregard for the legal system. Compare *In the Matter of Nicholson*, 299 Ga. 737 (791 SE2d 776) (2016). Rather, we find that his lack of any prior disciplinary history is a mitigating factor.

Having carefully considered the record and prior case law, we do not believe that a six-month suspension is the appropriate sanction. Instead, we believe that a one-year suspension is warranted. See *In the Matter of Nowell*, 297 Ga. 785 (778 SE2d 225) (2015) (two-month suspension where lawyer intentionally, and with dishonest motive, gave false testimony in two depositions, but self-reported misconduct and corrected false testimony); *In the Matter of Lang*, 292 Ga. 894 (741 SE2d 152) (2013) (one-year suspension for misuse of trust account and for prolonged effort to deceive client and opposing counsel, but where substantial mitigating circumstances were present); *In the Matter of Wright*, 291 Ga. 841 (732 SE2d 275) (2012) (public reprimand and six-month suspension where attorney made false statements to two tribunals and refused to admit wrongdoing).

Accordingly, we hereby direct that Alvis Melvin Moore be suspended from the practice of law in the State of Georgia for one year, effective as of the date of this opinion. Moore's reinstatement shall be conditioned upon his providing a detailed, written evaluation by a licensed psychologist or psychiatrist certifying that he is mentally competent to practice law. Additionally, he must arrange for an evaluation by the State Bar's Law Practice Management Program, and, within six months of reinstatement, implement its recommendations. Moore is reminded of his duties under Rule 4-219 (c).

At the conclusion of the suspension imposed in this matter, if Moore wishes to seek reinstatement, he must submit a petition for reinstatement to the Review Panel showing compliance with the conditions for reinstatement imposed in connection with the one-year suspension. Upon receipt of the petition for reinstatement, the Review Panel will review it and any objections by the State Bar's Office of General Counsel, and make a recommendation to the Supreme Court, and this Court will issue an order granting or denying reinstatement.

*One-year suspension with conditions. All the Justices concur.*

DECIDED OCTOBER 17, 2016 —
RECONSIDERATION DENIED DECEMBER 8, 2016.

*Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar*, for State Bar of Georgia.