300 Ga. 779
FINAL COPY

S17Y0770.  IN THE MATTER OF JON GARY BRANAN.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Jon Gary Branan (State Bar No. 075850) before the issuance of a formal complaint.  See Bar Rule 4-227.  Branan, who was admitted to the Bar in 1980, seeks the imposition of a one-month suspension and a Review Panel reprimand for his conduct in misrepresenting facts to a court, in violation of Rule 3.3 (a) (1) and (a) (4),[1] of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d).  The maximum sanction for a violation of Rule 3.3 is disbarment.

Branan admits that in May 2007, he was retained to represent a client in a personal injury action.  In September 2007, Branan arranged for a $10,000 loan for the client from a local bank and personally guaranteed  the loan.

_____

[1]Together Rule 3.3 (a) (1) and (a) (4) provide that a lawyer shall not knowingly make false statement of a material fact or law to a tribunal and shall not knowingly offer evidence that a lawyer knows to be false.

Branan agreed with the client that the loan was to be repaid out of proceeds from the settlement of the personal injury case. After the personal injury case settled in March 2014 and before the settlement proceeds were paid out in December 2014, Branan sued the client to recover the amount of the loan plus interest. As evidence in the suit to recover the loan amount, Branan submitted a sworn statement stating that the source of the debt was a personal loan he had made to the client. Branan ultimately obtained a writ of attachment to $10,500 of the settlement funds. An interpleader action was filed, and the funds were deposited into the registry of the court. In September 2015, the court entered an order, directing that the funds subject to the writ of attachment be disbursed to Branan. Branan, who had made payments on the loan, used the disbursed funds to pay off the balance of the bank loan.

In mitigation, Branan offers that he is deeply remorseful and that at the relevant time he was experiencing personal and professional challenges. See ABA Standards for Imposing Lawyer Sanctions (1992), § 9.32 (a) and (l). The Bar recommends that the Court accept the petition and impose a one-month suspension and a Review Panel reprimand. The Bar agrees with the mitigating factors Branan presents and also considers that Branan's cooperative attitude in

2

the disciplinary process is an additional mitigating factor. No aggravating factors have been presented, and we note that Branan has no public disciplinary record.

Having reviewed the record, we agree that acceptance of the petition and imposition of the requested sanction is the appropriate resolution of this matter. See, e.g., *In the Matter of Wilkinson*, 284 Ga. 548 (668 SE2d 707) (2008) (Review Panel reprimand and one-month suspension for violations of Rules 3.3 (a) (4) and 8.4 (a) (4) where lawyer made, or allowed to be made, false statements to the trial court and Court of Appeals and failed to correct those false statements); *In the Matter of Johnson*, 281 Ga. 674 (641 SE2d 535) (2007) (public reprimand and one-month suspension for violations of Rules 3.3 (a) (4) and 8.4 (a) (4) where lawyer working as an assistant public defender represented two clients in separate matters and accepted fee payments from them, failed to inform the judges that he was appearing in a private capacity, and in regard to another matter, failed to take remedial measures upon learning that a client had testified falsely).

Therefore, we accept Branan's petition for voluntary discipline and order that he be suspended from the practice of law in this State for one month and

that he receive a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 (b) for his admitted violation of Rule 3.3. Because there are no conditions on his reinstatement other than the passage of time, there is no need for him to take any action either through the State Bar or through this Court to effectuate his return to the practice of law. Instead, the suspension based on this opinion will take effect as of the date this opinion is issued and will expire by its own terms one month later. Branan is reminded of his duties pursuant to Bar Rule 4-219 (c).

Petition for voluntary discipline accepted. One-month suspension and Review Panel reprimand. All the Justices concur, except Blackwell, J., who dissents.

Decided March 20, 2017.

Suspension and Review Panel reprimand.

Paula J. Frederick, General Counsel State Bar, Andreea N. Morrison, Assistant General Counsel State Bar, for State Bar of Georgia.

4