305 Ga. 419
FINAL COPY

S19Y0552.  IN THE MATTER OF ALVIS MELVIN MOORE.

PER CURIAM.

This disciplinary matter is before the Court on a Report of the State Disciplinary Review Board (the "Review Board"),[1] recommending that this Court reject the petition for reinstatement filed by Alvis Melvin Moore (State Bar No. 518375), for failure to meet the conditions for reinstatement established by this Court in In the Matter of Moore, 300 Ga. 407, 408-409 (792 SE2d 324) (2016) (suspending Moore from the practice of law for one year for violating Bar Rules 3.3 (a) (1), 4.1, and 8.4 (a) (4) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d)).  This Court conditioned Moore's reinstatement on: (1) providing a detailed, written evaluation by a licensed psychologist or psychiatrist certifying that Moore was mentally competent to practice law; and (2) arranging for an evaluation by the State Bar's Law Practice

---

[1] The Rules and Regulations of the State Bar of Georgia governing disciplinary proceedings were amended on January 12, 2018, by order of this Court, and the Review Panel was renamed the State Disciplinary Review Board. For consistency, this opinion refers only to the Review Board.

Management Program (hereinafter "the LPM Program"), and, within six months of reinstatement, implementing its recommendations. See id. at 409. This Court further instructed that, at the conclusion of the suspension, if Moore wished to seek reinstatement, he was required to file a petition for reinstatement with the Review Board showing compliance with the conditions for reinstatement, that the Review Board would then consider the petition and any objections by the State Bar's Office of General Counsel and make a recommendation to this Court, and that this Court would thereafter issue an order granting or denying reinstatement. See id.

On August 30, 2018, Moore filed a Petition for Reinstatement with the Review Board. On September 11, 2018, the State Bar issued a Notice of Compliance with Conditions, stating that Moore had met the conditions set forth in this Court's October 17, 2016 order and that Moore was eligible for reinstatement to the practice of law.

The Review Board then considered this matter and, on December 17, 2018, it issued a Report, finding that Moore failed to meet the conditions for reinstatement. Among its findings, the Review Board concluded that the psychological evaluation did not address Moore's mental fitness to practice law

2

and that the psychologist did not describe any familiarity with the rigors and demands of the practice of law, did not have a clear understanding of the facts, and appeared to be unaware of the specific request from this Court for a written evaluation certifying that Moore was "mentally competent to practice law." Accordingly, the Review Board recommended that Moore's petition for reinstatement be denied until such time as he obtained a psychological evaluation which addressed his mental competence and ability to practice law.[2]

"The burden of proof in a readmission proceeding is upon the petitioner," In the Matter of Johnson, 244 Ga. 109, 111 (259 SE2d 57) (1979), and we agree with the Review Board that Moore has failed to provide sufficient evidence to prove that he has satisfied the condition for reinstatement regarding his mental evaluation. Specifically, Moore failed to include in his petition a written evaluation by a licensed pyschologist or psychiatrist "certifying that he is

---

[2] The Review Board also found that Moore had not included sufficient information for this Court to determine if he had been evaluated by the LPM Program. However, some information was provided by the State Bar in response to the Petition, and the Review Board noted that it had no reason to doubt that information's accuracy. Because this information was available for review, with no reason to question its accuracy, we find, as the State Bar did, that Moore met his condition for reinstatement with regard to the LPM Program.

3

*mentally competent to practice law*." See <u>Moore</u>, 300 Ga. at 409 (emphasis supplied). Accordingly, we accept the Review Board's recommendation and reject the petition for reinstatement.[3]

<u>Petition for reinstatement rejected. All the Justices concur.</u>

---

[3] As a final matter, this Court notes that Moore appears to have stated in his psychological evaluation that he last practiced law during a period of time in which he was suspended. In his amended petition for reinstatement, Moore should provide clarification as to whether he did, in fact, practice law during his suspension.

Decided March 4, 2019.

Petition for reinstatement.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, James S. Lewis, Assistant General Counsel State Bar, for State Bar of Georgia.