## S00Y1252. IN THE MATTER OF LYNN J. BARRETT.
(529 SE2d 365)

PER CURIAM.

This disciplinary matter is before the Court on Respondent Lynn J. Barrett's Petition for Voluntary Discipline, filed pursuant to Bar Rule 4-227 (b) (2) prior to issuance of a Formal Complaint. In her petition, Barrett admits to having violated Standard 67 (disbarment or suspension by another state is a ground for disbarment or suspension in the State of Georgia) of Bar Rule 4-102 (d), and asks this Court for a suspension until such time as she can provide certification from the Florida Bar that she has been readmitted to practice in that state, along with several conditions set forth below. The State Bar has no objection to this Court's accepting Barrett's petition. We have reviewed the record and agree that the proposed sanctions are appropriate.

In her petition, Barrett admits that she has been a member of the Georgia Bar since 1980 and is a resident of Florida. On March 11, 1999, the Supreme Court of Florida entered an order suspending Barrett from the practice of law in Florida for a period of three years in its Case No. 92,386, styled *Florida Bar v. Lynn Joyce Barrett*. Barrett admits that the Florida order adopted the uncontested Report of the Referee, which found that she committed numerous disciplinary violations that were the substantial equivalent of Standards 23 (lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned); 43 (lawyer shall not handle a matter which she knows or should know she is clearly incompetent to handle without associating a lawyer she reasonably believes to be competent to handle it); and 44 (lawyer shall not without just cause to the detriment of her client wilfully abandon or disregard a matter entrusted to her) of Bar Rule 4-102 (d) in the State of Georgia. Barrett admits that entry of the Florida order places her in violation of Standard 67 and asks this Court to suspend her from practice until she certifies her readmission to the Florida Bar, and to impose the following conditions for readmission to the Georgia Bar: (a) she shall place herself under the jurisdiction of the State Bar Lawyer Assistance Program (LAP) for evaluation, treatment and monitoring of any condition LAP may determine appropriate; (b) she shall provide any and all waivers required to allow LAP to provide information to the Office of the General Counsel of the State Bar of Georgia concerning her condition, treatment and progress; (c) no sooner than Barrett obtains certification from the Florida Bar that she has been readmitted to the practice of law in the State of Florida, she may request that LAP review its records concerning her. Barrett must obtain certification from LAP that, based on its review, Barrett exhibits no symptom of any condition that would make her a danger

to the public or her clients in the course of her practice of law. Barrett must obtain said certification before she can apply for readmission to practice; (d) no sooner than Barrett obtains certification from the Florida Bar that she has been readmitted to the practice of law in the State of Florida, and subsequent to obtaining certification from LAP, Barrett may request that the Office of the General Counsel of the State Bar of Georgia review its records concerning her. She must obtain certification from the Office of the General Counsel that, based on its review, Barrett has engaged in no conduct that makes her a danger to the public or her clients in the course of her practice of law. Barrett must obtain said certification before she can apply for readmission to practice; (e) Barrett shall serve upon the Office of the General Counsel copies of any certifications from LAP; (f) Barrett shall file any certifications from LAP and the Office of the General Counsel with the State Disciplinary Board; (g) Barrett shall file any request for readmission to practice with the Review Panel of the State Disciplinary Board. Her request must show that she has met all conditions for readmission. The Office of the General Counsel shall file the response of the State Bar of Georgia to Barrett's request; and (h) the Review Panel shall review the record of this proceeding, including the certifications, Barrett's request and the State Bar's response. The Panel shall file its report and recommendation on Barrett's readmission with the Supreme Court.

Barrett has waived her rights to any hearing and procedural notifications, rejections and exceptions provided in Part IV of the Bar Rules. Accordingly, it hereby is ordered that for her violation of Standard 67, Respondent Lynn J. Barrett is suspended from the practice of law in the State of Georgia until such time as she provides certification from the Florida Bar that she has been readmitted to practice in the State of Florida, and has fulfilled all the conditions for readmission set forth above. Barrett is reminded of her duties under Bar Rule 4-219 (c).

*Suspension with conditions. All the Justices concur.*

DECIDED MAY 1, 2000.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar*, for State Bar of Georgia.