S06Y1365. IN THE MATTER OF WILLIAM HENRY MITCHELL III.
(632 SE2d 649)

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the State Bar Disciplinary Board's Review Panel addressing a Notice of Reciprocal Discipline issued to Respondent William Henry Mitchell III pursuant to Rule 9.4 of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct. Mitchell was properly served by publication pursuant to Bar Rule 4-203.1 (b) (3) after personal service was unsuccessful and he has not filed any objection to the imposition of reciprocal discipline.

The reciprocal discipline arose out of an Agreed Judgment of Partially Probated Suspension entered into by Mitchell before the Texas Commission for Lawyer Discipline based on Mitchell's violation of various provisions of the Texas Disciplinary Rules of Professional Conduct. The agreement addressed four disciplinary complaints in which Mitchell failed to obtain an executed written contingency fee contract and failed to designate a medical expert in a case against a medical doctor and hospital resulting in the dismissal of the case and then failed to timely file a motion for new trial or a timely notice of appeal; failed to pursue a client's medical injury lawsuit resulting in dismissal of the case for want of prosecution and failed to inform the client of the dismissal; failed to respond to certain discovery in a divorce action resulting in sanctions against Mitchell; and failed to pursue actions on a client's behalf in the probate of the client's son's estate.

Pursuant to the agreement, Mitchell received a five-year suspension from the practice of law beginning March 15, 2004 with the first two years of the suspension deemed to be an active suspension and the last three years a probated suspension with a number of

detailed terms and conditions. As Georgia does not have a probated suspension, the Review Panel concluded that the most analogous discipline in Georgia to Mitchell's Texas suspension would be a two-year suspension pursuant to Bar Rule 4-102 (b) (2) beginning on the date of this Court's opinion imposing the suspension and that following said suspension, Mitchell may be reinstated to the practice of law in Georgia upon his affirmative demonstration that he has been reinstated to the practice of law in Texas.

After a review of the record, we hereby accept the recommendation of the Review Panel. Mitchell hereby is suspended from the practice of law in Georgia for two years from the date of this opinion. At the end of the two-year suspension, Mitchell may be reinstated to the practice of law in this state upon his affirmative demonstration that he has been reinstated to the practice of law in Texas. Mitchell is reminded of his duties under Bar Rule 4-219 (c).

*Two-year suspension. All the Justices concur, except Hunstein, P. J., who dissents.*

DECIDED JULY 13, 2006.

*William P. Smith III, General Counsel State Bar, Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia.