S10Y2043. IN THE MATTER OF IYABO ONIPEDE.

(702 SE2d 136)

PER CURIAM.

This disciplinary matter is before the Court on the petition of Iyabo Onipede (State Bar No. 553825) for the voluntary surrender of her license based upon her August 5, 2010 plea of guilty to four counts of violating OCGA § 16-8-2 (theft by taking) and one count of common law theft by taking by a fiduciary in the Superior Court of DeKalb County. Onipede admits that by her convictions she has violated Rule 8.4 (a) (2) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The maximum penalty for a violation of Rule 8.4 (a) (2) is disbarment. The State Bar filed a response stating that the interests of the public and the profession would be best served by acceptance of Onipede's surrender of license.

We have reviewed the record and accept Onipede's petition for the voluntary surrender of her license, which is tantamount to disbarment, nunc pro tunc to May 1, 2008, the date she voluntarily stopped practicing law and closed her law practice. Although this will allow Onipede to petition for reinstatement sooner than if our order took effect on the date of issuance, disciplinary sanctions may be mitigated when lawyers who have violated Bar Rules admit their misconduct and take voluntary and affirmative action in response, such as promptly ceasing the practice of law because they anticipate future suspension or disbarment. See Rules Governing Admission to the Practice of Law, Pt. A, § 10 (a) ("applicant who was formerly a member of the State Bar of Georgia and who was disbarred, voluntarily surrendered his or her license or was removed from membership in the State Bar of Georgia pursuant to Bar Rule 4-104

may apply for readmission five years after the date of the court order of disbarment or the court order accepting the surrender of the license"). When a lawyer seeks mitigation on this basis, however, it may be difficult for the Bar and this Court to determine whether and when cessation of the practice of law actually occurred. We emphasize, therefore, that when an attorney requests entry of a suspension or voluntary surrender order nunc pro tunc, it is the lawyer's responsibility to demonstrate that they voluntarily stopped practicing law, the date on which their law practice ended, and that they complied with all the ethical obligations implicated in such a decision, such as assisting clients in securing new counsel and facilitating the transfer of client files and critical information about ongoing cases to new counsel.

Accordingly, in this matter we accept Onipede's surrender of license, nunc pro tunc to May 1, 2008, and the name of Iyabo Onipede hereby is removed from the rolls of persons entitled to practice law in the state of Georgia. See *In the Matter of Washburn*, 267 Ga. 51 (475 SE2d 914) (1996) (accepting a voluntary surrender of license nunc pro tunc to the date the respondent was initially suspended from practice); *In the Matter of Jones*, 280 Ga. 302 (627 SE2d 24) (2006) (applying six months of a twelve-month suspension retroactively to the date respondent stopped practicing). Onipede is reminded of her duties under Bar Rule 4-219 (c).

*Voluntary surrender of license accepted. All the Justices concur.*

DECIDED NOVEMBER 1, 2010.

*Garland, Samuel & Loeb, Robin N. Loeb*, for Onipede.
*Paula J. Frederick, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar*, for State Bar of Georgia.