FINAL COPY
294 Ga. 727

S14Y0549, S14Y0550. IN THE MATTER OF FRED T. HANZELIK (two cases).

PER CURIAM.

These disciplinary matters are before the Court on the Report and Recommendation of the Review Panel, recommending that Respondent Fred T. Hanzelik (State Bar No. 323950) be suspended for six months in Case No. S14Y0549 and, in Case No. S14Y0550, for an additional 45 days following the six-month suspension as reciprocal discipline for suspensions imposed in Tennessee. The Review Panel also recommends that the suspensions continue until such time as Hanzelik provides proof that he has been reinstated to practice in Tennessee.

Case No. S14Y0549. The State Bar filed a notice of reciprocal discipline in this matter, attaching a copy of the October 18, 2012 order of the Supreme Court of Tennessee suspending Hanzelik from the practice of law in Tennessee for a period of one year, with six months to be served with an actual suspension and the remaining six months to be served on probation with a practice monitor, see Bar Rule 9.4 (b), found in Bar Rule 4-102 (d). Hanzelik's suspension was based on a petition for voluntary discipline in three separate disciplinary

proceedings involving abandonment, failure to communicate and failure to account for fees. Hanzelik acknowledged service of the notice and filed a response. During the time this matter was pending the State Bar filed an additional reciprocal proceeding against Hanzelik, see Case No. S14Y0550. In his response filed in the Review Panel, Hanzelik requested a six-month suspension with no probation because Georgia does not have a probation with practice monitor form of discipline. The State Bar recommended a one-year suspension but had no objection to the suspension being retroactive to the date of the Tennessee suspension. The Review Panel reviewed the record and the elements listed in Rule 9.4 (b) (3) to determine if imposition of a different punishment was required, and concluded that none of the elements are present in this case that would justify a recommendation of discipline different from that imposed in Tennessee. With respect to what discipline would be "substantially similar," see id., the Review Panel agreed that Georgia does not have a probation form of discipline and noted that in a recent reciprocal discipline case from Tennessee, this Court approved the suspension term without adding time for the probationary period, see In the Matter of Arthur, 291 Ga. 658 (732 SE2d 86) (2012). Therefore, the Review Panel recommended a six-month suspension in this case. Regarding a retroactive suspension, the Review Panel again noted

recent cases from this Court declining to approve retroactive suspension unless the respondent provides proof that he has ceased the practice of law in Georgia during the period of the suspension in the other state, see In the Matter of Hodges, 291 Ga. 830 (733 SE2d 775) (2012); In the Matter of Sossomon, 290 Ga. 677 (725 SE2d 243) (2012); In the Matter of Onipede, 288 Ga. 156 (702 SE2d 136) (2010). The Review Panel found nothing in the record to show that Hanzelik voluntarily stopped practicing law in Georgia while he was suspended in Tennessee, so it declined to recommend a retroactive suspension. Accordingly, the Review Panel recommended a six-month suspension, to continue until such time as Hanzelik provides proof that he has been reinstated to practice law in Tennessee.

Case No. S14Y0550. In this matter, Hanzelik was suspended in Tennessee for 45 days for attempting to charge his client and the client's estate twice for the same legal services in one case, and for failing to act with diligence and not communicating clearly with his client in a divorce proceeding in another disciplinary matter. On October 27, 2012, the Supreme Court of Tennessee ordered the 45-day suspension. The State Bar filed a notice of reciprocal discipline attaching the order, and Hanzelik acknowledged service but filed no response. The Review Panel again considered the record and the elements listed

in Rule 9.4 (b) (3), finding none present that would justify a recommendation of discipline other than that imposed in Tennessee. The record in Tennessee was unclear whether the 45-day suspension was concurrent or consecutive to the suspension in Case No. S14Y0549, and the State Bar made no recommendation as to that aspect of the discipline. The Review Panel recommended that, based on the records in both cases, the 45-day suspension should begin at the conclusion of the six-month suspension recommended in Case No. S14Y0549, and should continue until such time as Hanzelik provides proof that he has been reinstated to practice law in Tennessee.

Hanzelik filed exceptions to the Review Panel recommendation and shows that he was reinstated to practice in Tennessee on April 28, 2013, at the end of the one-year suspension. He raises two issues. First, he states that he ceased practicing law in Georgia on April 1, 2013 and, since his one-year suspension did not end until April 28, 2013, he did cease practicing in Georgia during his Tennessee suspension, so he asks the Court to make his six-month suspension retroactive to April 1, 2013. Second, he shows that the Tennessee suspensions were partially concurrent — his 45-day suspension ran from October 7, 2012 until November 21, 2012, and his one-year suspension began on October 28, 2012. Therefore, he asks the Court to make both of his Georgia suspensions concurrent,

beginning retroactively on April 1, 2013.

The State Bar filed a reply to Hanzelik's exceptions. Because he did not cease practicing law in Georgia until April 1, 2013, and only after the State Bar made it a pre-condition to recommending a retroactive suspension, the State Bar does not recommend that the 45-day suspension be retroactive, but it agrees that the six-month suspension should be retroactive to April 1, 2013. The State Bar does not recommend that the 45-day suspension run concurrently with the six-month suspension because even if the Court begins the 45-day suspension retroactive to April 1, 2013, the 45 days would not have been completed prior to Hanzelik's reinstatement in Tennessee on April 28, 2013, so his 45-day suspension would be less in Georgia and thus not reciprocal discipline. The State Bar concedes, however, that Hanzelik's Tennessee suspensions overlapped by 24 days, so to make the Georgia discipline technically substantially similar, it states that alternatively, the Court may chose to run 24 days of the 45-day suspension concurrent with the six-month suspension.

We have reviewed and considered the record and all of the pleadings filed by the parties. We note that Comment 4 to Rule 9.4 provides that the Review Panel should recommend *identical* discipline in reciprocal discipline cases unless one of the grounds specified in paragraph (b) (3) exists. The Review Panel

expressly found none of those grounds to exist in these cases. Therefore, given the facts that Hanzelik was reinstated to practice in Tennessee on April 28, 2013; that he ceased practicing in Georgia on April 1, 2013; and that 24 days of his Tennessee suspensions overlapped (thus making his total Tennessee suspensions one year plus 21 days — October 7, 2012 to April 28, 2013), we hereby order that Hanzelik be suspended for a period of six months beginning retroactively to April 1, 2013, and that he also be suspended for 45 days, with the first 24 days of that suspension to run concurrently with the six-month suspension and the last 21 days to run consecutively. Hanzelik is reminded of his duties under Bar Rule 4-219 (c).

Six-month suspension retroactive to April 1, 2013, followed by a 45-day suspension with the first 24 days to run concurrently with the six-month suspension and the last 21 days to run consecutively. All the Justices concur.

Decided March 5, 2014.

Suspension.

Luther-Anderson, Daniel J. Ripper, for Hanzelik.

Paula J. Frederick, General Counsel State Bar, Carmen R. Rafter, Assistant General Counsel State Bar, for State Bar of Georgia.

5