FINAL COPY
294 Ga. 724

S14Y0561.  IN THE MATTER OF PAMELA MICHELLE BOUNDS.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Respondent Pamela Michelle Bounds (State Bar No. 070325) pursuant to Bar Rule 4-227 (b) after the imposition of discipline in Florida but before reciprocal discipline proceedings were initiated here.  See Rule 9.4 (b) of the Georgia Rules of Professional Conduct.  Respondent requests the imposition of a 30-day suspension with conditions on reinstatement.

In her petition, Bounds admits that she is a member of the Florida Bar and that she was admitted to the Bar in the State of Georgia in 1991.  As a result of Bounds's Conditional Guilty Plea for Consent Judgment, the Supreme Court of Florida entered an order on November 27, 2013, finding that while Bounds was working for a law firm, she referred clients who approached her with cases outside her firm's area of expertise to other law firms and retained referral fees from those other firms for herself.  When Bounds learned that her employer claimed the right to such fees, she reimbursed the firm for all referral fees that she had retained.  The Florida Supreme Court found that Bounds's actions violated Florida Bar Rule 4-8.4 (a) and (d).  As

discipline, the Florida Supreme Court suspended Bounds from the practice of law in Florida for 30 days (starting 30 days after the entry of that court's order); placed her on probation for one year following her reinstatement; required her to attend the next session of the Florida Bar's Ethics School; and required her to pay the costs associated with the disciplinary action. Bounds then filed this petition for voluntary discipline, admitting that the conduct that led to her Florida discipline also violated Rule 8.4 (a) (1) of the Georgia Rules of Professional Conduct, thereby forming a basis for discipline in Georgia, and requesting that this Court "render a decision corresponding and coinciding with the decision and disciplinary actions of the Florida Supreme Court."

The State Bar responded, noting that Bounds has been an inactive member of the Georgia State Bar since June 2005 and presumably has not been practicing in this State since that time. The Bar stipulated to the facts set forth in Bounds's petition. The Bar indicated that identical discipline was not possible because Georgia's disciplinary system does not include probation. Nevertheless, the Bar recommended that this Court accept her petition and impose a 30-day suspension with reinstatement conditioned on her readmittance in Florida. See In the Matter of Mitchell, 280 Ga.

2

769 (632 SE2d 649) (2006); In the Matter of Maddux, 281 Ga. 607 (642 SE2d 317) (2007).

After reviewing the record, we accept Bounds's petition for voluntary discipline. Accordingly, Pamela Michelle Bounds is suspended from the practice of law in Georgia for 30 days from the date of this opinion with reinstatement in Georgia conditioned upon her reinstatement in Florida. At the conclusion of her suspension by this Court, Bounds may seek reinstatement to inactive status by affirmatively demonstrating to the State Bar's Office of General Counsel that she has been reinstated in Florida. If the State Bar agrees that the conditions of readmission have been met, it will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement.[1] Bounds is reminded of her duties under Bar Rule 4-219 (c).

Petition for voluntary discipline accepted. Thirty-day suspension, with conditions. All the Justices concur.

---

[1] We note that for Bounds to be readmitted as an active member of the Bar in Georgia, she also would have to comply with the State Bar of Georgia Membership Department's requirements for changing her status from inactive to active. See State Bar of Georgia Bylaws, Art. I, Sec. 3 (b).

Decided March 3, 2014.

Suspension.

<u>Paula J. Frederick, General Counsel State Bar, Carmen R. Rafter, Assistant General Counsel State Bar</u>, for State Bar of Georgia.