In the Supreme Court of Georgia

Decided:    November 16, 2015

S16Y0034.  IN THE MATTER OF JAMES A. MEANEY III.

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the Review Panel of the State Bar, recommending that respondent James A. Meaney III (State Bar No. 500491) be suspended for three months as substantially similar reciprocal discipline, following his receipt of a suspension in Tennessee.  Meaney acknowledged service of the notice of reciprocal discipline, filed pursuant to Rule 9.4 (b) of the Georgia Rules of Professional Conduct, as set forth in Bar Rule 4-102 (d), and filed an objection, to which the Bar responded and supplemented the record with documents from the Tennessee proceedings.

Meaney's Tennessee suspension was the result of his having continued the practice of law in that state while temporarily suspended from practice in that state for failure to comply with that state's continuing legal education requirements, failure to pay a professional privilege tax, and failure to respond

to the investigation of a disciplinary complaint, with a prior disciplinary infraction serving as a aggravating factor. The Supreme Court of Tennessee ordered that Meaney be suspended for 11 months and 29 days, with three months served as an active suspension and the remainder probated. In addressing Meaney's exceptions to the notice of reciprocal discipline, the Review Panel concluded that a three-month suspension was within the range of authorized discipline and would not be unduly severe, despite Meaney's assertion that such a suspension would force him to close his practice, and that Meaney's subsequent compliance with Tennessee practice requirements does not remove the reason for reciprocal discipline, as the Tennessee discipline was imposed as a result of Meaney's continued practice of law while suspended for failure to comply with the relevant practice requirements. Concluding that Meaney had failed to prove any of the elements, listed in Rule 9.4 (b) (3), that would justify the imposition of punishment different from that received in Tennessee, the Review Panel recommends that Meaney receive a three-month suspension. However, the imposition of identical discipline is not possible here, as Meaney's Tennessee suspension includes the use of a practice monitor during the probated portion of the suspension, a sanction not provided for by the

2

Georgia Rules. Thus, the Review Panel recommends that Meaney be suspended for three months with his reinstatement to practice here contingent on his reinstatement in Tennessee. In the Matter of Bounds, 294 Ga. 724 (755 SE2d 745) (2014); In the Matter of Arthur, 291 Ga. 658 (732 SE2d 86) (2012). Meaney has responded to the Review Panel's Report and Recommendation, arguing that the recommended punishment is unduly severe.

Having reviewed the record, this Court agrees with the Review Panel's recommendation that a three-month suspension is the appropriate sanction in this reciprocal discipline matter. Accordingly, we direct that James A. Meaney III be suspended from the practice of law in the State of Georgia for three months. At the conclusion of the suspension imposed in this matter, if Meaney wishes to seek reinstatement, he must offer proof to the State Bar's Office of General Counsel that he has been reinstated to the practice of law in Tennessee. If the State Bar agrees that this condition has been met, the State Bar will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement.

Meaney is reminded of his duties under Bar Rule 4-219 (c).

Three-month suspension with conditions for reinstatement. All the Justices concur.

3