308 Ga. 488
FINAL COPY

S20Y0814. IN THE MATTER OF BARRY WAYNE ROREX.

PER CURIAM.

This disciplinary matter is before the Court on the State Disciplinary Review Board's report and recommendation recommending that the license of Respondent Barry Wayne Rorex (State Bar No. 615160) be suspended for six months based on a similar suspension in Arizona. We agree.

The record shows that disciplinary proceedings were initiated in Arizona against Rorex and that, after he failed to respond, he was found to be in default.[1] The facts, which were deemed to have been admitted, were that in 2014 and 2015, Rorex violated various disciplinary rules by abandoning the legal matters of three separate clients, failing to adequately communicate with those clients, failing to return the clients' files or unearned fees, and failing to respond to

---

[1] Rorex was later allowed to present some evidence in mitigation of discipline, which the Arizona Bar indicated it considered in reaching its decision as to the proper level of discipline.

the Arizona Bar. On June 21, 2017, the Supreme Court of Arizona ordered that Rorex be suspended for six months and one day (retroactive to February 24, 2017) with conditions on reinstatement.[2]

In July 2019, the State Bar of Georgia issued a Notice of Reciprocal Discipline pursuant to Rule 9.4 (b) (2) and mailed it to Rorex at his official address of record, but he did not acknowledge service or file a response. After an unsuccessful effort at personal service, the State Bar served Rorex by publication in accordance with Bar Rule 4-203.1 (b) (3) (ii). Rorex, who has been a member of the Georgia Bar since 1997, has not responded or filed any objection to this reciprocal proceeding.

After considering the record, the Review Board noted that Rorex had not yet been reinstated in Arizona, and that, under Bar Rule 9.4 (b) (3), it was required to recommend substantially similar discipline unless it found from the face of the record that certain

---

[2] The conditions imposed on Rorex's reinstatement were the payment of restitution to his three former clients and payment of costs and expenses associated with the Arizona Bar's prosecution of the disciplinary matter.

elements existed that would give it the discretion to make such other recommendation as it deemed appropriate. The Review Board found that Rorex had been provided with sufficient notice and opportunity to be heard regarding the disciplinary proceedings both here and in Arizona; that the underlying conduct would be a violation of disciplinary rules in Georgia; that the conduct would be subject to similar discipline in this State; and that none of the elements set forth in Bar Rule 9.4 (b) (3) were present. Therefore, the Review Board recommended that Rorex be suspended from the practice of law in Georgia for six months from the date of the Supreme Court's order, with his reinstatement conditioned on his reinstatement to practice law in Arizona after the payment of restitution and costs as described in the Arizona disciplinary order dated June 21, 2017.

Having reviewed the record, we agree with the State Disciplinary Review Board as to the appropriate sanction in this reciprocal discipline matter. Accordingly, it is hereby ordered that Barry Wayne Rorex be suspended from the practice of law in this State for a period of six months from the date of this opinion with

his reinstatement conditioned on proof of reinstatement in Arizona after the payment of restitution and costs as described in the Arizona disciplinary order dated June 21, 2017. If Rorex wishes to seek reinstatement, he must offer proof to the State Bar's Office of General Counsel that he has been reinstated to the practice of law in Arizona and that he has made restitution and paid costs as ordered by the Supreme Court of Arizona. If the State Bar agrees that this condition has been met, the State Bar will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement. We remind Rorex of his duties pursuant to Bar Rule 4-219 (b).

*Six-month suspension with conditions on reinstatement. Melton, C. J., Nahmias, P. J., and Blackwell, Boggs, Peterson, Warren, Bethel, and Ellington, JJ., concur.*

DECIDED APRIL 6, 2020.

Suspension.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Adrienne D. Nash, Assistant General Counsel State Bar*, for State Bar of Georgia.