310 Ga. 753
FINAL COPY

S21Y0355.  IN THE MATTER OF WILLIAM D. THOMPSON, JR.

PER CURIAM.

This disciplinary matter is before the Court to consider a petition for voluntary reciprocal discipline filed by William D. Thompson, Jr. (State Bar No. 710152), pursuant to Bar Rule 4-227 and Rule 9.4 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). In his petition, Thompson, who has been a Georgia Bar member since 2003 and is currently in inactive status, admits that he was suspended from legal practice in Florida for one year, effective January 8, 2020, to be followed by two years on "probation," for misconduct involving his mismanagement of his trust account. The State Bar filed an untimely response to the petition, recommending that the petition be accepted. Nevertheless, Thompson's petition contains several deficiencies that preclude final resolution of this matter at this time.

First, the petition fails to identify which Georgia Rules of

Professional Conduct his conduct violated. See Bar Rule 4-227 (a) (providing that "[a] Petition for Voluntary Discipline shall contain admissions of fact and admissions of conduct in violation of Part IV, Chapter 1 of these Rules sufficient to authorize the imposition of discipline"). The petition also fails to establish that the requested one-year suspension is appropriate discipline under Georgia law. This latter deficiency is particularly salient given that, although Thompson recites that he received a one-year suspension in Florida, he also received a further two-year "probation" period, during which he is restricted in using a trust account and faces additional reporting obligations and fee payments to the Florida Bar. The Georgia Rules of Professional Conduct do not contemplate a comparable "probation" mechanism. See generally Rule 9.4 (b) (3) (noting that, where a reciprocal disciplinary matter proceeds to the State Disciplinary Review Board, that body "shall recommend imposition of substantially similar discipline" to that received in the disciplinary proceeding in the other jurisdiction).

Furthermore, although Thompson references various

documents associated with the Florida disciplinary proceeding in this petition, no such documents were attached for our review. Finally, Thompson states that he is in inactive status, but he fails to note that he is not an inactive member in good standing. Rather, he is currently under suspension for failure to pay his license fee. Accordingly, Thompson's petition for voluntary reciprocal discipline is rejected.

*Petition for voluntary discipline rejected. All the Justices concur.*

DECIDED FEBRUARY 1, 2021.
Petition for voluntary discipline.
*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Wolanda R. Shelton, Assistant General Counsel State Bar*, for State Bar of Georgia.