**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: October 25, 2022

S22Y1198.  IN THE MATTER OF WILLIAM D. THOMPSON, JR.

PER CURIAM.

This disciplinary matter is before the Court on an amended petition for voluntary reciprocal discipline filed by William D. Thompson, Jr. (State Bar No. 710152), pursuant to Rule 9.4 of the Georgia Rules of Professional Conduct ("GRPC"), found in Bar Rule 4-102 (d), and Bar Rule 4-227 (b), after this Court rejected Thompson's first petition due to several deficiencies that precluded final resolution of the matter. See *In the Matter of Thompson*, 310 Ga. 753 (854 SE2d 522) (2021) (*Thompson I*).[1] In his amended

---

[1] This Court rejected Thompson's first petition for voluntary reciprocal discipline based on four deficiencies, including its failure to: (1) "identify which Georgia Rules of Professional Conduct his conduct violated," see Bar Rule 4-227 (a); (2) "establish that the requested one-year suspension is appropriate discipline under Georgia law," which the Court noted was "particularly salient given that . . . in Florida, [Thompson] also received a further two-year 'probation' period, during which he is restricted in using a trust account and faces additional reporting obligations and fee payments to the Florida Bar"; (3)

petition, Thompson, who has been a member of the State Bar since 2003 and whose license is currently inactive for failure to pay his license fee, again asks this Court to impose a one-year suspension, but now seeks to have it be imposed retroactively, as substantially similar discipline to the one-year suspension, plus probation, that he received in Florida for mismanaging his trust account. The State Bar has responded and urges this Court to accept Thompson's petition. Because Thompson has sufficiently addressed the deficiencies set forth in *Thompson I*, and because we agree that a one-year suspension, imposed nunc pro tunc, is appropriate, we accept Thompson's amended petition for voluntary discipline.

In the amended petition, Thompson admits that he was suspended from the practice of law in Florida for one year, effective January 8, 2020, to be followed by two years on "probation," for misconduct involving the mismanagement of his trust account. He

include referenced documents associated with the Florida disciplinary proceeding; and (4) note that Thompson is currently suspended due to his failure to pay his license fee. *Thompson I*, 310 Ga. at 753-754. In his current amended petition, Thompson states that he has worked in good faith with the State Bar to address this Court's concerns and responds to each of those points.

was also required to attend a Trust Accounting Workshop, to pay costs incurred by the Florida Bar related to this disciplinary matter, and to pay restitution to a client. On August 19, 2021, the Florida Supreme Court reinstated his law license based on his compliance with these terms, although he still remains subject to the period of probation. As part of his probation, Thompson is required to pay a quarterly monitoring fee to the Florida Bar and certify that he no longer maintains a trust account and that he is not required to do so based on the nature of his practice. He has included with his amended petition evidence that he is currently in compliance with these terms of his probation. While Thompson was under the one-year suspension, he received a public reprimand for violating Florida Bar Rule 3-5.1 (h) (notice to clients of emergency suspension), for what he claims was his failure to take down social media sites operated by his firm after he was placed on emergency suspension preceding the one-year suspension.

Regarding the conduct leading to his one-year suspension, Thompson admits the following facts, as ratified and adopted by the

3

Florida referee in his report and approved by the Florida Supreme Court. In January 2019, the Florida Bar received an overdraft notice for Thompson's trust account. This led the Florida Bar to complete an audit of Thompson's trust account records from March 1, 2018, to July 3, 2019. The audit revealed that during the period of March 1, 2018, to April 30, 2018, Thompson did not maintain appropriate trust accounting records; that as a result, he made six transfers from his trust account to his operating account under the mistaken belief that he was entitled to the funds being transferred improperly; and that this also led to conversion of his clients' funds. Specifically, Thompson admits that between March 23, 2018, and April 27, 2018, he converted for his own business or personal purposes at least $27,000 when he made the six transfers described in his stipulation to the Florida Bar from his trust account to his operating account, and that each time he made a transfer to his operating account he did not have enough funds in his trust account to pay the clients who were owed monies. Thompson also admits that although he maintained trust account records, they were not compliant with the

4

Florida rules.

Thompson claims that he did not selfishly intend to take client money. He also states that when he discovered that the account was overdrawn in January 2019, the check at issue was immediately covered, and he and his bookkeeper conducted an internal audit, which revealed that his paralegal had acted criminally by stealing from office accounts and mishandling client funds. He admits that he is responsible for his paralegal's misconduct and his own negligence in supervising the accounts.

Based on his misconduct, Thompson was found to have violated the following Florida Bar rules: Rule 4-1.15 (safekeeping property — compliance with trust account rules); Rule 4-8.4 (a) (misconduct — a lawyer shall not violate or attempt to violate the Rules of Professional Conduct, including through the acts of another); Rule 5-1.1 (governing trust accounts); and Rule 5-1.2 (governing trust accounting records and procedures). Moreover, at the time of the Florida disciplinary proceedings, Thompson's trust account contained $12,323.52 owed to clients, with a trust account shortfall

of $5,834.44 representing a cost advance paid by a client. As part of his discipline, Thompson agreed to the distribution of the remaining trust account funds with the shortage of $5,834.44 to be paid by Thompson as restitution to the client.

Thompson further admits that the Florida referee identified as aggravating factors that there was a pattern of misconduct, multiple offenses, and that he had a substantial experience in the practice of law (he was admitted to the Florida Bar in 1988 and, according the Florida referee, began practicing in 1991). See ABA Standards for Imposing Lawyer Sanctions ("ABA Standards") 9.22 (c), (d), and (i). As for mitigating factors, the Florida referee considered the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, his cooperative attitude toward the proceedings, and his good character and reputation. See ABA Standards 9.32 (a), (b), (e), and (g). Thompson states that his admitted conduct in Florida would constitute a violation of GRPC 8.4, 1.15 (I), 1.15 (II), and 1.15 (III).[2]

---

[2] Thompson does not identify the particular subsections of each of these rules that apply, but it appears that they would include GRPC 8.4 (a) (1)

Thompson states that this Court has the authority to impose discipline substantially similar to his one-year Florida suspension, with reinstatement being conditioned on proof of reinstatement in Florida. See *In the Matter of Podvin*, 304 Ga. 378 (818 SE2d 651) (2018) (imposing 18-month suspension with proof of reinstatement in Florida as reciprocal discipline based on 18-month suspension with conditions imposed in Florida); *In the Matter of Barrett*, 272 Ga. 372 (529 SE2d 365) (2000) (suspending attorney from practicing law in Georgia based on three-year suspension in Florida, until such time that she could provide certification from Florida Bar that she had been readmitted to practice in Florida and until she had met

(lawyer shall not violate or knowingly attempt to violate the GRPC, including through the acts of another); 1.15 (I) (a), (c) (lawyer shall keep complete records of trust account funds and lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive); and 1.15 (II) (a) – (b) (lawyer shall deposit and administer all funds held for a client from a trust account and no funds shall be withdrawn from such trust accounts for the personal use of the lawyer maintaining the account except earned lawyer's fees debited against the account). GRPC 1.15 (III) generally sets out the mandatory reporting and production requirements for every lawyer maintaining a trust account in Georgia. The maximum penalty for a violation of GRPC 8.4 (a) (1) is the maximum penalty for the specific GRPC violated, and the maximum penalty for all of the remaining subsections listed above is disbarment.

certain conditions for readmission in Georgia). Thompson adds that Florida's imposition of probation, which is unavailable in Georgia, does not preclude this Court from recognizing the one-year suspension as substantially similar, as this Court has previously approved reciprocal suspensions "without adding time for the probationary period." *In the Matter of Hanzelik*, 294 Ga. 727, 728 (755 SE2d 758) (2014) (citing *In the Matter of Arthur*, 291 Ga. 658 (732 SE2d 86) (2012)). In sum, he states that because his one-year suspension has been fulfilled, this Court should impose a one-year reciprocal suspension, retroactive to January 8, 2020, in the light of the fact that he was not practicing law in Georgia at the time of the offense. See *In the Matter of Onipede*, 288 Ga. 156 (702 SE2d 136) (2010) (accepting voluntary surrender of license nunc pro tunc to date lawyer voluntarily stopped practicing law and closed her practice).

The State Bar has responded to the amended petition and requests that this Court accept it and impose a one-year suspension of his law license, retroactive to January 8, 2020. The State Bar

agrees with Thompson that imposing a period of suspension, without probation and without adding time for the probation period, satisfies the requirements of Rule 9.4. See *Hanzelik*, 294 Ga. at 728; *Arthur*, 291 Ga. at 658; see also *In the Matter of Meaney*, 298 Ga. 136, 137 (779 SE2d 662) (2015) (noting that "imposition of identical discipline is not possible here, as [lawyer's] Tennessee suspension includes the use of a practice monitor during the probated portion of the suspension, a sanction not provided for by the Georgia Rules"). In addition, the State Bar notes that this Court previously accepted the imposition of a suspension of the same length as that imposed in Florida, along with proof of readmission in Florida, as "substantially similar" discipline. See *Podvin*, 304 Ga. at 379. Finally, the State Bar states that although Thompson's license status in Georgia remains inactive and not in good standing, he has made substantial efforts to mitigate the problem by communicating with the State Bar's membership department. The State Bar concludes that Thompson's amended petition includes substantial evidence that indicates his compliance with the Supreme Court of Florida's

9

Consent Judgment, his probation requirements, and an understanding of the GRPC.

Having reviewed the petition and response, the Court agrees that imposition of a one-year suspension is appropriate under these circumstances and is consistent with our precedent. See *Hanzelik*, 294 Ga. at 728-730 (imposing six-month and 45-day suspensions as reciprocal discipline without adding any time for probationary period also imposed in Tennessee); *In the Matter of Bounds*, 294 Ga. 724 (755 SE2d 745) (2014) (imposing 30-day suspension as reciprocal discipline without adding any time for one-year probationary period also imposed in Florida); *In the Matter of Maddux*, 281 Ga. 607 (642 SE2d 317) (2007) (imposing 30-day suspension as reciprocal discipline without adding time for one-year probationary period imposed in Tennessee); see also *In the Matter of Potts*, 301 Ga. 789, 790 (804 SE2d 59) (2017) (discipline less than disbarment or suspension "imposed in another jurisdiction is not properly the subject of a reciprocal discipline proceeding under our Rules"). We also agree that Thompson has made the necessary

showing to support the imposition of a suspension retroactive to the date that he was suspended by the Florida Supreme Court. See, e.g., *Onipede*, 288 Ga. at 157. Accordingly, we accept Thompson's amended petition for voluntary reciprocal discipline and suspend him from the practice of law for one year, nunc pro tunc to January 8, 2020. Thompson will nevertheless remain under an administrative suspension due to his failure to pay his license fee until his successful completion of all of the terms and conditions as set forth in Bar Rule 1-501 (b).

*Amended petition for voluntary reciprocal discipline accepted. One-year suspension, nunc pro tunc to January 8, 2020. All the Justices concur.*