NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: March 7, 2023

S23Y0434.  IN THE MATTER OF DAVID JOHN PETTINATO.

PER CURIAM.

This disciplinary matter is before the Court on a petition for voluntary reciprocal discipline filed by David John Pettinato (State Bar No. 426068), pursuant to Rule 9.4 (b) of the Georgia Rules of Professional Conduct ("GRPC") found in GA Bar Rules 4-102 (d) and 4-227 (b).  In his petition, Pettinato, who has been a member of the State Bar since 2014 (and a member of the Florida Bar since 1995), asks this Court to impose a ten-day suspension, retroactively, as substantially similar discipline to the ten-day suspension he received in Florida for representing in an insurance matter that he and his firm had no prior relationship with a proposed neutral appraiser when that was not the case, and, in another matter, for failing to timely correct a client's deposition testimony that he knew

to be false. In its response, the State Bar urges this Court to accept Pettinato's petition. Because we agree that a ten-day suspension, imposed nunc pro tunc, is appropriate reciprocal discipline in this case, we accept Pettinato's petition for voluntary discipline.

In the petition, Pettinato admits that on November 17, 2022, the Supreme Court of Florida issued an order approving his Conditional Guilty Plea for Consent Judgment (hereinafter "Consent Judgment") under the Rules Regulating the Florida Bar ("FL Bar Rules") and suspending him from the practice of law in Florida for ten days, effective December 19, 2022, for the above-mentioned misconduct. Pettinato states that the effective dates of his Florida suspension, therefore, were December 19 through 29, at the conclusion of which he would be automatically reinstated to practice as a member of the Florida Bar pursuant to FL Bar Rule 3-5.1 (e). He has included as exhibits to his petition, the November 17, 2022 Florida Supreme Court Order approving the Consent Judgment; the Consent Judgment; a November 29, 2022 letter he sent to the Office of the General Counsel of the State Bar of Georgia,

2

advising the Bar, in compliance with GA Bar Rule 9.4 (b), of his discipline in Florida; and a November 23, 2022 letter from the compliance coordinator of the Florida Bar, confirming that the full costs of his disciplinary proceedings there have been paid (which is in accordance with the Consent Judgment approved by the Florida Supreme Court).

Regarding the conduct leading to his ten-day suspension, Pettinato has admitted the following facts concerning the two disciplinary matters in Florida, as admitted in the Consent Judgment approved by order of the Florida Supreme Court. In 2015, while Pettinato was co-counsel for a corporation in an insurance dispute, the presiding court imposed guidelines to govern the case's appraisal process, including disclosure requirements. Those guidelines required each party's proposed appraiser, "after making a reasonable inquiry," to "disclose to all parties and any other appraiser any known facts that a reasonable person would consider likely to affect his or her impartiality, including (a) a financial or personal interest in the outcome of the appraisal; and (b) a current

3

or previous relationship with any of the parties (including their counsel or representatives) or with any of the participants in the appraisal proceeding." Pettinato and his co-counsel requested from managing members of their firm any disclosures that may be required, and none were identified. With Pettinato's assistance, the appraiser completed a court-ordered disclosure, indicating that the appraiser had no significant prior business relationships with Pettinato's firm that would affect his appraisal. But after the opposing party objected, the court found that the appraiser's disclosure was insufficient because the appraiser had been involved in prior cases with Pettinato and his firm, Pettinato had appeared in the brochure advertising the appraiser's services five yearsearlier, and an attorney in Pettinato's firm had incorporated and was the registered agent for the appraiser's company. The court therefore dismissed the matter with prejudice and awarded attorney fees and expenses against Pettinato and his co-counsel individually.

Regarding the other matter, in March 2016, prior to Pettinato's representation of two policyholders in a lawsuit against their

insurer, the policyholders had submitted a proof of loss that was not notarized in their presence when they signed it. In August 2016, Pettinato sued the insurer on behalf of the policyholders, and in November 2017, the policyholders, in opposition to the insurer's motions to dismiss and for summary judgment, executed affidavits in which they averred that they had submitted a sworn proof of loss as required by the policy. On December 7, 2017, the evening before the insurer deposed one of the policyholders, Pettinato learned, for the first time, that the sworn proof of loss was not properly notarized. In an attempt to correct the issue, the next day, Pettinato provided opposing counsel with a second proof of loss executed that morning just prior to the deposition. Nonetheless, during the deposition, the policyholder testified that the original proof of loss was notarized in his presence. According to Florida's Consent Judgment, Pettinato "attempted to clarify the misstatements and inform the parties of the issue with the initial Proof of Loss during the deposition, in his response brief, and in [a] hearing on August 22, 2018, but failed to do so in a timely manner."

5

In the Consent Judgment, having admitted these facts and agreed to a ten-day suspension, Pettinato further agreed to pay all reasonable costs associated with his disciplinary case under the FL Bar Rules in the amount of $1,261.60 within 30 days of the Florida Supreme Court's approval order.

Based on his misconduct, Pettinato admitted in the Consent Judgment, and admits in his instant petition, that he violated FL Bar Rules 4-4.1 (b) (Truthfulness in Statements to Others); 4-3.3 (a) (1) (Candor Toward the Tribunal); 4-3.4 (c) (Fairness to Opposing Party and Counsel); and 4-8.4 (d) (Misconduct). Pettinato states that his admitted misconduct in Florida would constitute a violation of GRPC 3.3 (a) (Candor Toward the Tribunal; forbidding a lawyer from knowingly making a false statement of a material fact to a tribunal or offering false evidence) and 4.1 (b) (Truthfulness in Statements to Others; forbidding a lawyer from knowingly failing to disclose a material fact to a third person when disclosure is necessary to avoid assisting a fraudulent act by a client, unless

disclosure is prohibited),[1] and that the GRPC do not include rules equivalent to FL Bar Rules 4-3.4 (c) and 4-8.4 (d).[2]

Neither the Consent Judgment, nor Pettinato's petition here, nor the State Bar's response identify any aggravating factors.[3] As for mitigating factors, the Consent Judgment, as approved by the Florida Supreme Court, listed—and Pettinato's instant petition lists—the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, the timely good faith effort to make

---

[1] The maximum penalty for a violation of either GRPC 3.3 or 4.1 is disbarment.

[2] FL Bar Rule 4-3.4 (c) provides: "A lawyer must not: . . . knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."
FL Bar Rule 4-8.4 (d) provides:
A lawyer shall not: . . . engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against litigants, jurors, witnesses, court personnel, or other lawyers on any basis, including, but not limited to, on account of race, ethnicity, gender, religion, national origin, disability, marital status, sexual orientation, age, socioeconomic status, employment, or physical characteristic.

[3] We note that because Pettinato was admitted to the Florida Bar in 1995 and because this case involves his misconduct in two separate matters, it appears that the aggravating factors of substantial experience in the practice of law and multiple offenses would apply. See American Bar Association Standards for Imposing Lawyer Sanctions at 9.22 (d) and (i).

restitution or to rectify the consequences of the misconduct, full and free disclosure to the bar or a cooperative attitude toward the proceedings, character and reputation, and imposition of other penalties or sanction. See ABA Standards 9.32 (a), (b), (d), (e), (g), and (k). Pettinato further states that he has complied with GRPC 9.1 (a) (3) and 9.4 (b) by sending notice of the November 17 Florida disciplinary order to the Georgia Bar on November 29, and that he has complied with all terms and conditions of the Consent Judgment, including payment of the disciplinary costs.

Pettinato states that the imposition of a ten-day suspension by this Court would be substantially similar to his ten-day Florida suspension and is therefore appropriate under Georgia law. See GRPC 9.4 (b) (3) (noting that, where a reciprocal disciplinary matter proceeds to the State Disciplinary Review Board, that body "shall recommend imposition of substantially similar discipline" to that received in the disciplinary proceeding in the other jurisdiction); see also *In the Matter of Bounds*, 294 Ga. 724, 725 (755 SE2d 745) (2014) (30-day suspension imposed in Georgia as reciprocal discipline for

8

Florida suspension of 30 days plus probationary period).  Pettinato states that since joining his current firm in October 2020, he has not practiced law in Georgia, and therefore requests that if the Court rules on this matter after the completion of his Florida suspension on December 29, 2022, then the Court make his ten-day suspension here retroactive to December 19, 2022, to coincide with his Florida suspension from December 19 to 29.  See *In the Matter of Thompson*, 315 Ga. 81, 85 (880 SE2d 214) (2022) (accepting amended petition for voluntary reciprocal discipline of one-year suspension nunc pro tunc to commencement of Florida suspension); *In the Matter of Watson*, 294 Ga. 616, 618 (755 SE2d 199) (2014) (accepting petition for voluntary reciprocal discipline of 91-day suspension nunc pro tunc to run concurrently with Florida suspension); *In the Matter of Hutt*, 291 Ga. 171, 172 (728 SE2d 552) (2012) (accepting petition for voluntary reciprocal discipline of 45-day suspension nunc pro tunc to commencement of Florida suspension).

In a brief response, the Georgia Bar requests that this Court accept Pettinato's petition and impose a ten-day suspension,

retroactive to December 19, 2022. The Bar provides a brief procedural history and a summary of Pettinato's admitted misconduct that comport with that provided by Pettinato and agrees that although two of the FL Bar Rules Pettinato admitted to violating have no GRPC equivalent, his admitted misconduct would constitute violations of GRPC 3.3 (a) (1) and 4.1 (b). The Bar adds that though the Court has not previously imposed a ten-day suspension for similar conduct, it has imposed 30-day suspensions, or reprimands, or both, for violations of GRPC 3.3 and 4.1. See, e.g., *In the Matter of Branan*, 300 Ga. 779, 780-781 (798 SE2d 218) (2017) (accepting petition for voluntary discipline of one-month suspension and review panel reprimand for violating GRPC 3.3 (a) by submitting to trial court a sworn statement lawyer knew to be false); *In the Matter of Wilkinson*, 284 Ga. 548, 549 (668 SE2d 707) (2008) (one-month suspension and public reprimand for violating GRPC 3.3 (a) and 8.4 (a) by the making of false statements in court briefs and failing to correct them); *In the Matter of Davis*, 306 Ga. 381, 381-383 (830 SE2d 734) (2019) (public reprimand for violating GRPC 1.15,

10

4.1 (a) and 8.4 (a) by improperly notarizing a signature he did not witness and commingling personal and trust account funds); *In the Matter of Cherry*, 305 Ga. 667, 668-671 (827 SE2d 239) (2019) (accepting petition for voluntary discipline of public reprimand for violating GRPC 1.15, 4.1, and 8.4 (a) by directing employee to improperly notarize a false signature and for not distributing portion of settlement proceeds to medical provider after previously advising she would). The Bar, therefore, concludes that considering Pettinato's lack of prior discipline, his prompt payment of costs in Florida, his acceptance of responsibility, and his cooperative attitude in these proceedings, the imposition of discipline identical to the Florida discipline is appropriate. Further, the Bar does not dispute that Pettinato has not practiced law in Georgia since 2020, and therefore states that Pettinato's request that his Georgia suspension be nunc pro tunc to the commencement of his Florida suspension on December 19, 2022 is consistent with this Court's directive in *In the Matter of Onipede*, 288 Ga. 156, 157 (702 SE2d 136) (2010) (surrender of license accepted nunc pro tunc to date

lawyer stopped practicing in Georgia).

Having reviewed the petition and response, we agree that although a ten-day suspension generally is not available in Georgia, it is appropriate reciprocal discipline under the circumstances of this case. The ten-day suspension is identical to the discipline imposed by Florida, in compliance with the "substantially similar" language in GA Rule 9.4 (b) (3), and neither the Bar nor Pettinato objected to this discipline. See GA Rule 9.4 (b) (3) (noting that, where a reciprocal disciplinary matter proceeds to the State Disciplinary Review Board, that body "shall recommend imposition of substantially similar discipline" to that received in the disciplinary proceeding in the other jurisdiction; that the Office of the General Counsel or the respondent can "object to imposition of substantially similar discipline" by showing different factors; and that "[t]he burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate"); *Thompson*, 315 Ga. at 85 (accepting petition for voluntary reciprocal discipline of one-year suspension nunc pro tunc

12

based on one-year suspension imposed in Florida); *In the Matter of Rorex*, 308 Ga. 488, 490 (841 SE2d 662) (2020) (imposing six-month suspension with proof of reinstatement in Arizona as reciprocal discipline based on six-month suspension with conditions imposed in Arizona); *In the Matter of Podvin*, 304 Ga. 378, 379 (818 SE2d 651) (2018) (imposing 18-month suspension with proof of reinstatement in Florida as reciprocal discipline based on 18-month suspension with conditions imposed in Florida); *Bounds*, 294 Ga. at 725 (imposing 30-day suspension as reciprocal discipline based on 30-day suspension imposed in Florida); *In the Matter of Maddux*, 281 Ga. 607, 608 (642 SE2d 317) (2007) (imposing 30-day suspension as reciprocal discipline based on 30-day suspension imposed in Tennessee).

We also agree that based on Pettinato's uncontested pleadings that he has not practiced law in Georgia since 2020 and the Bar's resultant support for his request that his suspension be nunc pro tunc, the imposition of a retroactive suspension to the date that he was suspended by the Florida Supreme Court is appropriate here.

13

See *Onipede*, 288 Ga. at 157; see also *Hutt*, 291 Ga. at 172 (making suspension retroactive to date of Florida suspension where "the record indicates that [lawyer] did not practice law in Georgia during the period of his Florida suspension and instead promptly sought the imposition of reciprocal discipline," and the Bar "support[ed] the request").

Accordingly, we accept Pettinato's petition for voluntary reciprocal discipline and suspend him from the practice of law for ten days, nunc pro tunc to December 19, 2022, with reinstatement in Georgia conditioned upon his reinstatement in Florida, which he may show by affirmatively demonstrating to the State Bar's Office of General Counsel that he has been reinstated in Florida. If the State Bar agrees that the conditions of readmission have been met, it will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement.

*Petition for voluntary reciprocal discipline accepted. Ten-day suspension, nunc pro tunc to December 19, 2022, with conditions. All the Justices concur.*

14