NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: July 2, 2024

S24Y0865. IN THE MATTER OF CURTIS LEE ALLEN.

PER CURIAM.

This disciplinary matter is before the Court on a petition for voluntary reciprocal discipline filed by Respondent Curtis Lee Allen (State Bar No. 009905), pursuant to Rule 9.4 (b) of the Georgia Rules of Professional Conduct ("GRPC") and Bar Rule 4-227 (b). In his petition, Allen, who has been a member of the State Bars of Georgia and Florida since 1994, asks this Court to impose a ten-day suspension, nunc pro tunc, as substantially similar discipline to a ten-day suspension he received in Florida for his conduct in representing an insurance company in two cases. In its response, the State Bar urges the Court to accept Allen's petition. We agree that a ten-day suspension is appropriate as "substantially similar discipline," see GRPC 9.4 (b) (3), for the suspension Allen received

in Florida. Nevertheless, Allen's petition contains several deficiencies that preclude final resolution of this matter at this time. Accordingly, we reject his petition for voluntary reciprocal discipline.

To resolve two disciplinary actions pending against him in Florida, Allen and the Florida Bar entered into a consent judgment, pursuant to which the Florida Supreme Court entered an order on December 28, 2023, suspending him from the practice of law for ten days, effective January 29, 2024, placing him on probation for one year, directing him to attend the Florida Bar's Ethics School, and entering judgment against him in the amount of $1,450.10 for the cost of the Florida Bar's action against him.[1] Allen states that he served his suspension from January 29 to February 7, 2024. The State Bar of Georgia then initiated a reciprocal disciplinary action against Allen pursuant to GRPC 9.4 (b), and in response, he filed

---

[1] Although Allen states in his petition that the Florida Supreme Court's order and the consent judgment are "attached," neither of those documents appears in the record before this Court.

this petition for voluntary discipline. See GRPC 9.4 (b); Bar Rule 4-227 (b).

In his petition, Allen explains that in the first disciplinary matter, the Florida Fifth District Court of Appeal observed in a published opinion that, while representing an insurance company, Allen "made argumentative and unprofessional remarks to both the insureds and their counsel" while conducting examinations under oath. In the second matter, while representing the same insurance company in a dispute over attorney fees, he made comments about the opposing party and counsel "which were not consistent with the high standards of professionalism." In both matters, he was found to have violated Florida Rules 3-4.3 (Misconduct and Minor Misconduct),[2] 4-4.4 (a) (Respect for Rights of Third Persons),[3] and 4-

---

[2] Florida Rule 3-4.3 provides in relevant part that "[t]he commission by a lawyer of any act that is unlawful or contrary to honesty and justice may constitute a cause for discipline whether the act is committed in the course of the lawyer's relations as a lawyer or otherwise, whether committed within Florida or outside the state of Florida, and whether the act is a felony or a misdemeanor."

[3] Florida Rule 4-4.4 (a) provides that "[i]n representing a client, a lawyer may not use means that have no substantial purpose other than to embarrass,

8.4 (d) (Misconduct).[4] Allen observes that Florida Rule 4-4.4 (a) is analogous to GRPC 4.4 (a), but Georgia does not have a disciplinary rule equivalent to Florida Rules 3-4.3 or 4-8.4 (d). Allen states that in the consent judgment with the Florida Bar, he stipulated to four aggravating factors: prior disciplinary history, pattern of misconduct, multiple offenses, and substantial experience in the practice of law. See ABA Standards for Imposing Lawyer Sanctions ("ABA Standards") 9.22 (a), (c), (d), and (i). He asserts that the Florida Bar stipulated to four mitigating factors: absence of a dishonest or selfish motive, personal or emotional problems arising from or related to his stressful divorce at the time of his misconduct, full and free disclosure to the bar or cooperative attitude toward the

---

delay, or burden a third person or knowingly use methods of obtaining evidence that violate the legal rights of such a person."

[4] Florida Rule 4-8.4 (d) provides in relevant part that "A lawyer shall not . . . engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against litigants, jurors, witnesses, court personnel, or other lawyers on any basis, including, but not limited to, on account of race, ethnicity, gender, religion, national origin, disability, marital status, sexual orientation, age, socioeconomic status, employment, or physical characteristic[.]"

disciplinary proceedings, and remorse. See ABA Standards 9.32 (b), (c), (e), and (l). He assures the Court that he has taken steps to ensure that his future conduct will be professional and will comply with disciplinary rules. Accordingly, he requests, as substantially similar discipline, that this Court suspend his license to practice law in Georgia for ten days, nunc pro tunc and concurrent with his Florida suspension, and that the Court allow his reinstatement upon the entry of its opinion.

The State Bar responds by agreeing with Allen's recitation of the disciplinary matters against him and by stating that it does not contest the facts that Allen expressed remorse for his actions and cooperated fully with the Florida Bar. Therefore, the State Bar recommends that the Court accept Allen's voluntary petition and impose the requested discipline.

This Court has generally interpreted the Bar Rules governing reciprocal discipline to require the imposition of substantially similar discipline as was imposed in the other jurisdiction, and here, the ten-day suspension Allen requests is identical to the suspension

he served in Florida.[5] See *In the Matter of Van Dyke*, 316 Ga. 168, 177 (886 SE2d 811) (2023) (noting "the nature of reciprocal discipline matters[,] . . . wherein this Court must only impose 'substantially similar' discipline"). See also *In the Matter of Pettinato*, 315 Ga. 831, 835-836 (884 SE2d 894) (2023) (accepting attorney's voluntary petition for reciprocal discipline and imposing ten-day suspension, which is generally not a disciplinary sanction available in Georgia, because the requested suspension was "identical" to discipline imposed in Florida). However, we decline to accept Allen's petition at this stage for two reasons. First, although Allen's petition references various documents associated with the Florida disciplinary proceeding, no such documents were attached for our review. See *In the Matter of Thompson*, 310 Ga. 753, 754 (854

---

[5] Allen is on disciplinary probation in Florida for one year, but the Georgia Bar Rules do not provide for probation as a sanction. However, this Court has previously approved reciprocal suspensions "without adding time for the probationary period" imposed by other jurisdictions, so this would not preclude our acceptance of his petition. See, e.g., *In the Matter of Thompson*, 315 Ga. 81, 85 (880 SE2d 214) (2022); *In the Matter of Hanzelik*, 294 Ga. 727, 728 (755 SE2d 758) (2014). Instead, as explained below, we reject his petition because of his failure to make certain showings in connection with his request for reciprocal discipline.

SE2d 522) (2021) (rejecting attorney's voluntary petition for reciprocal suspension for, inter alia, failing to provide documents from his Florida disciplinary proceeding). Second, although Allen requests that his suspension be imposed nunc pro tunc to the dates he served his suspension in Florida, he has failed to show that he is entitled to a retroactive suspension. This Court has held that "when an attorney requests entry of a suspension or voluntary surrender order nunc pro tunc, it is the lawyer's responsibility to demonstrate that they voluntarily stopped practicing law, the date on which their law practice ended, and that they complied with all the ethical obligations implicated in such a decision, such as assisting clients in securing new counsel and facilitating the transfer of client files and critical information about ongoing cases to new counsel." *In the Matter of Onipede*, 288 Ga. 156, 157 (702 SE2d 136) (2010). This Court has imposed retroactive suspensions as reciprocal discipline when the attorney made a showing that he or she stopped practicing law in Georgia while suspended in another jurisdiction, which the State Bar did not contest or dispute. See, e.g., *In the Matter of Van*

7

*Dyke*, 316 Ga. 168, 177 (3) (886 SE2d 811) (2023) (imposing retroactive suspension as reciprocal discipline where attorney provided evidence that he stopped practicing law in Georgia in February 2019); *In the Matter of Thompson*, 315 Ga. 81, 85 (880 SE2d 214) (2022) (imposing retroactive suspension as reciprocal discipline where attorney showed that he was not practicing law in Georgia and the State Bar indicated that he was on inactive status). Here, in contrast, Allen failed to provide any evidence that he stopped practicing law in Georgia during his suspension in Florida. Accordingly, he has not made the necessary showing to have his suspension imposed nunc pro tunc to the dates of his Florida suspension. When this Court finds a voluntary petition for discipline deficient, our practice is to reject the petition. See *In the Matter of Thompson,* 310 Ga. 753, 654 (854 SE2d 522) (2021) (rejecting petition for voluntary reciprocal discipline, even though the State Bar recommended the Court accept the petition, due to several deficiencies in the petition, including that the attorney referenced, but failed to attach, documents associated with his Florida

disciplinary proceeding). Accordingly, we reject Allen's petition for voluntary reciprocal discipline.

*Petition for voluntary discipline rejected. All the Justices concur.*