NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: August 9, 2022

S22Y1311.  IN THE MATTER OF JOHN CARL HUBER.

PER CURIAM.

This disciplinary matter is before the Court on John Carl Huber's (State Bar No. 125360) petition seeking an order of interim suspension of his license pending an appeal of his criminal convictions pursuant to Bar Rule 4-106 (f), filed before the appointment of a Special Master, see Bar Rule 4-106 (a).  Huber, who has been a member of the State Bar since 2013, admits that on March 1, 2022, he was convicted of 11 counts of a 13-count indictment in the Superior Court of Hall County and was sentenced for a total of 30 years with the first two years to be served in confinement.  Because a number of his convictions, including but not limited to aggravated assault, burglary in the first degree, and aggravated stalking, are felonies, they result in a violation of Rule

8.4 (a) (2) of Bar Rule 4-102 (d). The maximum penalty for a violation of Rule 8.4 (a) (2) is disbarment.

Huber states that he filed his Notice of Appeal of his convictions and sentences on March 28, 2022. He further states that he has not practiced law in the State since May 12, 2021, the date he was arrested for the alleged conduct that resulted in his subsequent indictment, convictions, and sentences as set forth above. He also states that he has complied with the provisions of Rule 9.2 (a) (2) by reporting the above-referenced convictions to the State Bar within 60 days, and he recognizes that under Bar Rule 4-106, he should be suspended from the practice of law pending resolution of the appeal of his convictions and thereafter until further order of this Court. Finally, he states that he will notify the State Bar of the final disposition of his direct appeal within ten days of that disposition.

The State Bar has filed a response, agreeing that an interim suspension is appropriate, so long as: (1) it remains in place only until resolution of the direct appeal and will not remain in place for

any other appeals or collateral attacks upon the convictions; (2) Huber is required to notify the State Bar of the final disposition of the direct appeal within ten days of that disposition; and (3) upon the final disposition of the direct appeal, the State Bar may proceed as provided in Bar Rule 4-106. See *In the Matter of Otuonye*, 302 Ga. 374 (806 SE2d 524) (2017).

Having reviewed Huber's petition and the State Bar's response, we agree that the petition should be accepted. See *In the Matter of Rachel*, 297 Ga. 279 (773 SE2d 246) (2015) (accepting petition seeking voluntary suspension of license pending outcome of appeal of criminal conviction). See also *In the Matter of Swank*, 288 Ga. 479 (704 SE2d 807) (2011) (accepting petition for interim suspension during pendency of criminal charges). Accordingly, it is hereby ordered that John Carl Huber be suspended from the practice of law in this State pending his direct appeal and until further order of this Court. He is also ordered to notify the State Bar's Office of General Counsel in writing within 10 days of the final disposition of his direct appeal, and he is further ordered to comply

3

with the notification and other requirements of Bar Rule 4-219 (b).

*Petition for interim suspension accepted. Suspension until further order of this Court. All the Justices concur.*