NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: November 5, 2024

S24Y1132.  IN THE MATTER OF JOHN CARL HUBER.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary surrender of license filed by John Carl Huber (State Bar No. 125360), prior to the issuance of a formal complaint. See Bar Rule 4-227 (b) (2). Huber, who has been a member of the State Bar since 2013, admits that on March 1, 2022, he was convicted of six felony counts and five misdemeanor counts, as follows: one count of aggravated assault in violation of OCGA § 16-5-21; one count of burglary in the first degree in violation of OCGA § 16-7-1 (b); one count of exploitation of an elder person in violation of OCGA § 16-5-102 (a); one count of aggravated stalking in violation of OCGA § 16-5-91; one count of terroristic threats in violation of OCGA § 16-11-37 (b); one count of false imprisonment in violation of OCGA § 16-5-

41; two counts of battery in violation of OCGA § 16-5-23 (f); two counts of hindering an emergency call in violation of OCGA § 16-10-24.3; and theft by taking in violation of OCGA § 16-8-2. Huber admits that due to his felony convictions, he violated Rule 8.4 (a) (2)[1] of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 8.4 (a) (2) is disbarment.

Huber filed a notice of appeal of his convictions to the Court of Appeals, and a petition for an order of interim suspension pending final resolution of his appeal with this Court. On August 9, 2022, we accepted his petition and suspended him from the practice of law. *In the Matter of John Carl Huber*, 314 Ga. 426 (877 SE2d 243) (2022). On June 27, 2023, the Court of Appeals issued its opinion, in which it agreed that one of the misdemeanor battery counts should have merged with the felony elder abuse count for sentencing, and accordingly vacated in part and remanded for re-sentencing;

---

[1] Rule 8.4 (a) (2) provides that it shall be a violation of the Georgia Rules of Professional Conduct for a lawyer to be convicted of a felony.

2

however, the Court of Appeals otherwise affirmed his convictions and sentences. See *Huber v. State*, 368 Ga. App. 401 (890 SE2d 271) (2023). Huber filed a petition for a writ of certiorari, which we denied. See Case No. S23C1147 (denied February 6, 2024). The trial court then entered an amended sentencing order merging the two counts. Huber remained incarcerated from his date of arrest on May 12, 2021, through and until his release on May 12, 2023. On May 12, 2023, Huber states that he entered a rehabilitation facility, where he remained until May 12, 2024, when he successfully completed the program, and he has since complied with all court orders in the criminal matter.

Huber asks that this Court accept his voluntary surrender of license and that it be entered nunc pro tunc to May 12, 2021, the day he attests he quit practicing law. See *In the Matter of Onipede*, 288 Ga. 156, 156-157 (702 SE2d 136) (2010). In support, he included with his petition his own affidavit as well as one from his employer at the time of this incident.

The State Bar has responded and agrees with Huber that this

3

Court should accept the petition for voluntary surrender of license nunc pro tunc to May 12, 2021, because Huber has made the evidentiary showing required under *Onipede*. See 288 Ga. at 157 ("[W]hen an attorney requests entry of a suspension or voluntary surrender order nunc pro tunc, it is the lawyer's responsibility to demonstrate that they voluntarily stopped practicing law, the date on which their law practice ended, and that they complied with all the ethical obligations implicated in such a decision, such as assisting clients in securing new counsel and facilitating the transfer of client files and critical information about ongoing cases to new counsel."). Specifically, the State Bar notes that by affidavit, Huber demonstrated that he voluntarily stopped the practice of law on May 12, 2021, and complied with all ethical obligations implicated by his cessation of the practice of law.

Having reviewed the record, we agree to accept Huber's petition for voluntary surrender of his license, which is tantamount to disbarment, nunc pro tunc to May 12, 2021. Accordingly, it is ordered that the name of John Carl Huber be removed from the rolls

4

of persons authorized to practice law in the State of Georgia. Huber is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Petition for voluntary surrender of license accepted. All the Justices concur.*